UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ORIOL MADRENAS, an Illinois resident, individually and as the representative of a class of similarly-situated persons,<br><br>           Plaintiff,<br><br>v.<br><br>CRUNCHBASE. Inc., a Delaware corporation,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)  Case No.: 1:23-cv-03651<br>)<br>)  Honorable John F. Kness<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff, Oriol Madrenas ("Madrenas" or "Plaintiff"), brings this action on behalf of himself and all other persons similarly situated through his attorneys and alleges the following against Defendant Crunchbase, Inc. ("Crunchbase" or "Defendant"):

**NATURE OF ACTION**

1. Plaintiff and members of the proposed class (the "Class" or "Class Members") seek statutory damages, an injunction, and other relief from Crunchbase for violations of the Illinois Right of Publicity Act ("IRPA"), 765 ILCS § 1075/1 *et seq.*

2. IRPA prohibits using an individual's identity for commercial purposes without first obtaining prior written consent. 765 ILCS § 1075/30.

3. Crunchbase provides an internet-based business search platform for prospecting new business opportunities. Users of Crunchbase's online platform can obtain personal information of various individuals, including their identifying information ("profiles"), based on particular search queries. The initial view of an individual's profile contains a name and job title. To view a full profile and to obtain contact information relating to that individual, a visitor to

Crunchbase's website must either enter into a monthly subscription, paid yearly, or a free seven-day trial, which converts to a monthly subscription unless cancelled.

4. Plaintiff and the Class have no relationship with Crunchbase. More importantly, Plaintiff and the Class never provided Crunchbase with written consent to use their identity and other personal information to advertise subscriptions to its platform.

5. Despite failing to obtain prior written consent from Plaintiff and the Class, Crunchbase nevertheless utilized their personal identifying information for the purpose of enticing users of its platform to enter into paid subscriptions for full access to profiles contained in its platform and access to other attributes of the platform unavailable without a paid subscription. In other words, Crunchbase used Plaintiff's and other Class Members' identity for commercial purposes without their written permission in violation of IRPA.

6. Plaintiff brings this Complaint seeking an order (i) declaring that Crunchbase's conduct violates IRPA, (ii) requiring that Crunchbase cease the unlawful activities described herein, (iii) awarding Plaintiff and the Class statutory damages in the amount of $1,000 per violation or an amount equal to actual damages/profits, whichever is greater, and (iv) an award for punitive damages, if warranted, and attorneys' fees and costs.

## PARTIES

7. Oriol Madrenas is a citizen of the State of Illinois residing in Cook County.

8. Crunchbase is a privately held corporation registered in Delaware with its headquarters located in San Francisco, California. For its online platform, Crunchbase seeks out and compiles identifying information of Illinois citizens and uses that information to market its online platform to Illinois citizens and others without written consent.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §1332(d)(2) (the "Class Action Fairness Act") because diversity of citizenship exists between the parties – Plaintiff is a citizen of Illinois and Crunchbase is a Delaware corporation with headquarters in California. Further, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, with at least 100 or more potential Class Members based on the number of individuals identified in Crunchbase's platform and the damages available through IRPA. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Crunchbase because it sought out and compiled the names and other identifying information of Plaintiff and other Illinois citizens and used that information for marketing Illinois citizens and others without their written consent. In so doing, Crunchbase committed the statutory violations related to the matters complained of herein in this District.

## ILLINOIS RIGHT OF PUBLICITY ACT

11. IRPA was enacted in 1999 to recognize individuals' "right to control and to choose whether and how to use [their] individual identity for commercial purposes." 765 ILCS § 1075/10.

12. IRPA defines "identity" as "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." 765 ILCS § 1075/5. "Commercial purpose" is defined in part, as "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise,

3

goods, or services; (ii) for purposes of advertising or promoting products, merchandise, goods, or services; or (iii) for the purpose of fundraising." *Id.*

13. IRPA prohibits the use of an individual's identity for commercial purposes without first obtaining prior written consent. 765 ILCS § 1075/30. IRPA provides that a violation of the Act may result in statutory damages in the amount of $1,000 per violation or actual damages and profits derived from the unauthorized use, whichever is greater. 765 ILCS § 1075/40. IRPA further provides that punitive damages may be rewarded for willful violations and authorizes the issuance of injunctive relief where appropriate. 765 ILCS § 1075/40 & 50.

## FACTUAL ALLEGATIONS

14. Crunchbase touts itself as the leading provider of private company prospecting and research solutions.[1]

15. Crunchbase offers an online platform, which is accessible at its website, www.crunchbase.com. According to Crunchbase, the platform offers "intelligent prospecting software powered by live company data for salespeople, CEOs and VCs to find and close deals" and attracts more than 76 million unique visitors annually.

16. For its platform, Crunchbase has collected information regarding individuals and companies to create profiles of both. The resulting directory of profiles is then made available to users of the platform. Information that may be provided in an individual's profile includes his or her name, photograph, contact information, job title, employment history, and education.

17. Crunchbase's platform is based on its multifaceted approach to data collection. A vast majority of Crunchbase's data comes directly from its venture partners, of which it has over 4,000, and other contributors, including 600,000+ executives, entrepreneurs, and investors.

---

[1] Information for Crunchbase found at its website, www.crunchbase.com, last visited on July 3, 2023.

Based on searches conducted with its platform, Crunchbase indicates that it has information on thousands of companies and investors and millions of individuals.

18. Visitors to Crunchbase's website can use and search the platform for free; however, as discussed below, searches on the platform and information revealed on individuals are limited without a paid subscription.

19. Crunchbase's platform allows the user to find and filter information about companies in diverse industries. Once a company is selected, information about it and its employees, including a list of ten executives and key decision makers, becomes available. For the list of employees, Crunchbase indicates that contact information is available. However, prior to seeing the contact information or additional employees beyond the ten visible, the user is required to enter into a paid subscription or start a free trial.

20. The platform also allows users to conduct searches for individuals based on selected criteria, such as sales managers within a specific area and/or industry. After conducting a search, Crunchbase will provide a list of five individuals matching the criteria selected. Depending on the search parameters, the number of individuals falling within the search is much greater than the five visible. Similar to the company search, the platform will indicate that contact information for each individual is available. However, prior to revealing that information or showing additional results beyond the original five individuals, Crunchbase requires the user to enter into a paid subscription or start a free trial.

21. As stated, for either company or individual searches, CrunchBase requires potential customers to enter into paid subscriptions or sign up for a seven-day free trial to reveal more search results and additional information contained in individual profiles (such as contact information). Crunchbase offers several paid subscription plans, with varying product access

5

attached to each.

22. Customers can select the "Starter" plan for $29 a month, billed annually. Customers can also select the "Pro" plan for $49 a month, billed annually. Finally, customers can contact Crunchbase for information regarding its "Enterprise" plan, which is geared towards "large teams."

23. For both the "Starter" and "Pro" plans, there is a seven-day free trial. With the "Pro" version, customers may unlock contact information for ten individual profiles during the free trial period. When completed, the "free trial" automatically enrolls customers in the plan selected, subjecting them to a full year of payment, unless cancelled within the trial period.

24. The free trial does not give the user access to all aspects of the platform. For instance, the export feature is not available during the free trial. This feature allows the user to export his or her search results to create a CVS file. In addition, after the free trial is over, the user will not be able to open contact information for individual profiles or access additional search results unless a paid for subscription is entered into.

25. Individual profiles on Crunchbase's platform provide enough information to identify an individual. In fact, Crunchbase states that its data is enriched, cleansed, verified, and updated daily to ensure customers have the latest information.

26. The purpose behind Crunchbase's use of individual profiles and allowing partial access to them for free is singular—to advertise and convince prospective customers to enroll in and ultimately purchase its monthly subscription services, whereby the user can access and retrieve full profiles on any individual searched on the platform and unlock additional platform uses otherwise unavailable. In other words, the partial access to individual profiles and limited name searches for free is part of Crunchbase's overall effort to sell its monthly subscriptions.

**Facts relating to Oriol Madrenas:**

27. In April 2023, Plaintiff discovered that his identity was used in CrunchBase's platform. Indeed, Plaintiff can confirm that when his name is searched for on CrunchBase's website, a profile appears with the name of his employer, his prior job title,[2] and an option to "view" his email and telephone number.

28. Plaintiff further confirms that when a user selects the "view" tab related to contact information, the user is directed to either enter into a paid subscription or select a seven-day free trial of Crunchbase's "Pro" version. According to CrunchBase, the "free trial" will give the user access to ten verified contacts, including Plaintiff.

29. Potential customers availing themselves of CrunchBase's platform are able to view and, on information and belief, have viewed not only information on Plaintiff, but also CrunchBase's subsequent invitation to a free trial of Crunchbase "Pro." Thus, Plaintiff's identity has been used by CrunchBase to market subscriptions to its platform.

30. CrunchBase's purpose behind providing access to some of Plaintiff's identifying information is, in part, to solicit the purchase of paid subscriptions.

31. Plaintiff has no relationship with CrunchBase; he neither utilizes the platform nor subscribes to it.

32. Plaintiff did not give consent, written or otherwise, to CrunchBase to use his name, likeness, personal information, or identity in any way. Nor did Plaintiff provide CrunchBase with written consent to use his identity for commercial purposes. Had CrunchBase requested his consent, Plaintiff would not have provided it.

33. CrunchBase did not obtain written consent from Plaintiff prior to compiling his personal information to create a profile on him for its platform. CrunchBase also did not obtain

---

[2] Plaintiff is still with the same company, but his role and title have recently changed.

prior written permission to use a partial view of that profile, which includes his name and job title, to advertise paid subscriptions for its platform. On information and belief, CrunchBase did not obtain written permission from any sources from which it compiled Plaintiff's personal identifying information.

34. Plaintiff has intellectual property and privacy interests in his name, likeness, and identity recognized by Illinois statutory and common law. Plaintiff has the right to exclude anyone from using his identity for commercial purposes without his written permission.

35. Crunchbase's use of Plaintiff's identity to advertise subscriptions to its platform is misleading in that it gives the false impression that Plaintiff is a willing participant in Crunchbase's marketing network, which he is not, and wants to be targeted by sales professionals, which he does not.

36. CrunchBase has injured Plaintiff by using his identity for its own commercial purposes without compensation or permission in violation of IRPA.

## **CLASS ALLEGATIONS**

37. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this class action on behalf of himself and a class of similarly situated persons.

38. The Class Plaintiff seek to represent is defined as follows:

All current and former Illinois residents who are not subscribers to CrunchBase's platform and whose identity is used to market paid subscriptions for CrunchBase's platform.

Excluded from the Class are CrunchBase, its officers, managers, and employees, and members of the federal judiciary. Plaintiff reserves the right to amend the Class definition upon completion of class discovery when the contours and the parameters of the Class become more apparent.

8

39. **Class Size (Fed. R. Civ. P. 23(a)(1)):** On information and belief, the members of the Class are so numerous that joinder of all its members is impractical. Based on the investigation by his counsel and representations made by Crunchbase on its website, Plaintiff reasonably believes that the Class comprises thousands of current and former Illinois citizens whose profiles are compiled and maintained in Crunchbase's database and searchable on its platform. The exact number of persons in the Class can be determined from records maintained by Crunchbase, but certainly exceeds 100.

40. **Commonality (Fed. R. Civ. P. 23(a)(2)):** There are many questions of law and fact that exist as to Plaintiff and members of the Class, and those questions substantially predominate over any questions that may affect individual Class Members. Common questions of fact and law include, but are not limited to:

(a) whether Crunchbase uses Plaintiff's and Class Members' names and identities in advertisements for its own commercial benefit;

(b) whether Crunchbase obtained written consent from Plaintiff and the Class prior to using their names and identities in advertisements promoting its platform as required by IRPA;

(c) whether the conduct described herein constitutes a violation of IRPA.

(d) whether Crunchbase's violations of IRPA were willful, which would entitle Plaintiff and the Class to punitive damages; and

(e) whether Plaintiff and Class Members are entitled to declaratory, injunctive, and monetary relief as requested.

41. **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiff's claims are typical of the claims of the members of the Class. Crunchbase's misuse of Plaintiff's and Class Members' names and identities was the same for each.

9

42. **Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)):** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation in state and federal courts nationwide and Plaintiff has no interest adverse to any member of the Class. Plaintiff intends to prosecute this case vigorously on behalf of himself and the Class.

43. **Injunctive and/or Declaratory Relief (Fed. R. Civ. P. 23(b)(2)):** As demonstrated above, Crunchbase has acted on grounds generally applicable to the proposed Class such that final injunctive relief, as contemplated by 765 ILCS § 1075/50, is appropriate with respect to the Class as a whole.

44. **Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)):** Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a) Proof of liability on Plaintiff's claims will also prove liability for the claims of the Class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Crunchbase may assert and attempt to prove will come from Crunchbase's records and will not require individualized or separate inquiries or proceedings;

(c) Crunchbase has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d) The injury suffered by each Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Crunchbase economically feasible. Even if Class Members could afford individual

litigation, those actions would put immeasurable strain on the court system. A class action, on the other hand, will permit a large number of claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

  (e) This case is inherently manageable as a class action in that:

    (i) Crunchbase's records will enable Plaintiff to readily identify Class Members and establish liability and damages;

    (ii) Liability and damages can be established for Plaintiff and the Class with the same common proofs;

    (iii) A class action will result in an orderly and expeditious administration of claims and it will foster economies of time, effort, and expense;

    (iv) A class action will contribute to uniformity of decisions concerning Crunchbase's practices; and

    (v) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

### **Violation of IRPA, 765 ILCS § 1075/1** *et seq.*

45. As stated, IRPA defines "right of publicity" as the "right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 ILCS § 1075/10.

46. IRPA prohibits and provides damages for using an individual's identity for commercial purposes without first obtaining written consent. 765 ILCS § 1075/30.

47. By engaging in the foregoing acts and omissions, CrunchBase used Plaintiff's and Class Members' identities for commercial purposes without first obtaining written consent.

48. Each use of Plaintiff's and Class Members' identity is a separate and distinct violation of IRPA giving rise to damages.

11

49. Under IRPA, CrunchBase is liable for the greater of: (i) statutory damages in the amount of $1,000 per violation; or (ii) the sum of "actual damages" and "profits derived from the unauthorized use." 765 ILCS § 1075/40. IRPA also provides for punitive damages, if the violation is willful, and injunctive relief. 765 ILCS § 1075/40 & 50.

50. As a result of CrunchBase's violations of IRPA, Plaintiff and the Class have suffered injury to their privacy rights as well as economic damages. Plaintiff and the Class Members have been denied the commercial value of their identities, which CrunchBase used without permission from or compensation to Plaintiff and the Class. Plaintiff and Class Members were denied their statutorily protected right to control how their identities are used and suffered damages based on that misuse.

51. Plaintiff, on behalf of himself and the Class, seeks statutory damages for each violation of IRPA, or alternatively, actual damages and profits derived from the unauthorized use of Plaintiff's and Class Members' identities, whichever is greater; punitive damages if it is found that CrunchBase's actions were willful; prejudgment interest; injunctive and declaratory relief; and an award of attorneys' fees and costs.

WHEREFORE, Oriol Madrenas, individually and on behalf of all other similarly-situated individuals, demands judgment in his favor and against Defendant CrunchBase, Inc. as follows:

A. Certifying this case as a Class Action and appointing Plaintiff and his attorneys as class representatives and class counsel, respectively;

B. Declaring that CrunchBase's actions, as described herein, violate IRPA;

C. Awarding statutory damages to Plaintiff and the Class for each violation of IRPA or, alternatively, actual damages and profits derived from the unauthorized use of Plaintiff's and Class Members' identities, whichever is greater, plus prejudgment interest;

D.      Enjoining CrunchBase from committing further violations of IRPA;

E.      Awarding Plaintiff reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provide by IRPA; and

F.      Awarding such other and further relief as this Court deems appropriate and just.

Oriol Madrenas, individually and as a representative of a class of similarly-situated persons

By:   s/ Patrick J Solberg
One of his attorneys

Patrick J. Solberg
ANDERSON + WANCA
3701 W. Algonquin Rd. Ste 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
psolberg@andersonwanca.com

Don Bivens (*pro hac vice to be submitted*)
DON BIVENS, PLLC
Scottsdale Quarter
15169 N. Scottsdale Rd., Suite 205
Scottsdale, AZ 85254
don@donbivens.com